Matthew D. Fischer (SBN 238533)
(*fischer@smallpondlegal.com*)
400 Oceangate, Suite 800
Long Beach, California 90802
Tel: 562.206.1611 / Fax: 562.206.1613

Attorneys for Plaintiff,
NOVAGANT CORP.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVAGANT, CORP., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TITAN INTERNATIONAL SECURITIES, INC.., a Belize corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR**<br>**1) SECURITIES FRAUD,**<br>**2) BREACH OF CONTRACT,**<br>**3) DECLARATORY RELIEF** |

Plaintiff, NOVAGANT, CORP., alleges as follows:

**Parties**

1. Plaintiff, NOVAGANT, CORP., ("Novagant" or the "Corporation") is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business located in this District.

- 1 -
COMPLAINT

2. Defendant, Titan International Securities, Inc. ("Titan"), is a corporation organized and existing under the laws of the nation of Belize, with its principal place of business in Belize City, Belize.

**Jurisdiction**

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d) because: (a) there is a federal question regarding whether or not Defendants violated Rule 10(b) of the Exchange Act and/or, (b) there is a federal question of actual controversy between the parties on which the Court may rule under 28 U.S.C. §2201, (c) the claims of Plaintiffs exceed $75,000.00 and Plaintiffs are diverse from at least one Defendant, and (c) the Court maintains pendent jurisdiction over the state statutory and common law Claims for Relief.

**Venue**

4. Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims asserted herein occurred and caused damages in this district.

**Facts**

5. In or about February 2012, Dr. Christopher Lolachi acquired a controlling interest in Novagant Corp., at the time known as Petrogulf, Inc., for the purpose of developing and marketing electrical products based on a series of patents that Dr. Lolachi owned. Novagant was and is a "pink sheet" publicly traded company.

6. Dr. Lolachi is a respected surgeon with no prior experience in dealing with pink sheet companies.

7. Upon acquiring Novagant, Dr. Lolachi hired certain individuals to act as the day to day managers and outside legal counsel to the Corporation.

8. From February 2012 through May 2015 these individuals (the "Managers") were in complete control of the day to day operation of the company, including making all required quarterly securities filings.

9. Between February 2012 and May 2015, Dr. Lolachi and the Board of Directors authorized the issuance of preferred shares in the corporation to him, a limited number of additional shares to be purchased by his friends and family, and a limited number of preferred shares to be issued to the Managers as compensation for their services. Dr. Lolachi and the Board of Directors did not authorize the issuance of any additional shares of any kind.

10. In or about November 2014, Dr. Lolachi discovered that between February 2012 and November 2014, without his or the Board of Directors' consent or knowledge, the Managers had issued over 40,000,000 shares in the Corporation to a number of people and entities, including 25,000,000 shares to Titan (the "Titan Shares").

11. In or about June 2015, Dr. Lolachi discovered that his signature had been forged on the share certificates and that an email had been sent in his name, without his knowledge, to the transfer agent authorizing the issuance of the Titan Shares and 15,000,000 additional shares that he did not authorize. At the same time, Dr. Lolachi, in his role as President of the Corporation, with the consent of the Board of Directors, terminated the Managers from their positions with the Corporation.

12. At no time did Dr. Lolachi or any other officer or the Board of Directors have any knowledge of the issuance of the Titan Shares. He never executed any documents authorizing such share issuance and, in fact, his signature was forged on the documents issuing those shares.

13. Further, the Corporation never received any consideration for the Titan Shares.

14. On September 9, 2014, the United States Attorney for the Eastern District of New York unsealed an indictment against, among others, Titan, for a vast securities fraud scheme involving money laundering through U.S. publicly traded companies (the "Titan Indictment"). The scheme further involved manipulation of stock prices

of "penny stocks" like Novagant. A true and correct copy of the press release announcing the indictment is attached hereto as Exhibit 1.

15. Dr. Lolachi is informed and believes and based thereon alleges that Titan acquired its shares in Novagant by the same fraudulent means and for the same purpose of illegal securities manipulation that it acquired the other publicly traded shares that are at the heart of the Titan Indictment.

16. Dr. Lolachi is informed and believes and based thereon alleges that the transaction by which Titan ostensibly acquired its shares in the Corporation was accomplished by fraud and misrepresentation and therefore, the transaction should be cancelled and rescinded and Titan's share certificates should be cancelled.

## First Cause of Action

**(Fraud in Connection with the Purchase or Sale of Securities Violations of Section 10(b) of the Exchange Act and Rule 10b-5 against all Defendants)**

17. Plaintiff repeats and realleges each and every prior allegation as if fully set forth herein.

18. Plaintiff is informed and believes and based thereon alleges that to facilitate its criminal scheme to manipulate corporate securities and illegally launder the proceeds of the drug trade, Titan made numerous knowingly false affirmative representations and/or intentional omissions or concealments of material facts to Plaintiff, including, but not limited to:

a. The identity of the party seeking to acquire the Titan Shares;

b. The source of the consideration that was to be paid to Plaintiff to acquire the Titan Shares;

c. That Titan would, in fact, deliver consideration to acquire the Titan Shares; and,

d. That it had the authority and right to acquire the Titan Shares.

19. The intentional misrepresentations and/or affirmative ommissions/concealments were made by each Defendant were false when made and Defendant knew these representations to be false when made or that said concealments were necessary to disclose.

20. The intentional misrepresentations and concealments were made with the intention that Plaintiff would rely on them in issuing the Titan Shares to Defendant.

21. The true facts are that Titan was acting illegally as a front for third parties seeking to acquire the Titan Shares for the purpose of manipulating the value of the securities in order to launder illegal profits of the drug trade. Titan, in fact, had no intention of delivering consideration for the Titan Share and had no authority or right to acquire the Titan Shares.

22. Further, the Managers, illegally misrepresented their authority to issue the Titan Shares and fraudulently executed the transfer order and stock certificate issuing the Titan Shares, forging Dr. Lolachi's signature on the transfer documents.

23. Between 2012 and 2014, Defendant and the Managers engaged in conspiratorial fraudulent conduct in connection with the purchase or sale of a security by means of interstate commerce, of the mails, or of the facilities of a national securities exchange, with scienter: (1) employed the previously described conspiratorial devices, schemes, or artifices to defraud; (2) made untrue statements of material facts *and* omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (3) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon each Plaintiff, and as time will reveal, many others.

24. By engaging in the conduct described above, Defendant violated, and unless restrained and enjoined, will continue to violate Section 10(b) of the Exchange Act, 15 U.S.C. §78(b), and Rule 10b-5 thereunder, 17 CFR §240.

25. As a proximate result of the fraudulent conduct by the Managers and Defendants alleged herein, Plaintiff has been damaged and was induced to issue and transfer securities and suffered losses related to the improper and unauthorized issuance of the Titan Shares. Plaintiff therefore, is entitled to an order cancelling the issuance of the Titan Shares.

## Second Cause of Action

### (Breach of Contract against All Defendants)

26. Plaintiff repeats and realleges each and every prior allegation as though fully set forth herein.

27. Manages and Defendants entered into a contract based on fraud by both parties for the sale of securities, namely, the Titan Shares.

28. Defendant never delivered consideration to the Corporation for its acquisition of the Titan Shares. By failing to deliver consideration, Titan breached the agreement for the issuance of shares.

29. As a direct and proximate result of Titan's breach of the agreement by failing to deliver consideration for the securities, Plaintiff has been damaged in an amount equal to the value of the Titan Shares, but in any event, not less than $75,000.

30. Due to this failure of consideration, Plaintiff is entitled to rescission of the transaction and cancellation of the share certificates for the Titan Shares.

## Third Cause of Action

### (Declaratory Relief against all Defendants)

31. Plaintiff repeats and realleges each and every previously stated allegation as those fully set forth herein.

32. An actual controversy exists between Plaintiff and Defendant as to the validity of the issuance of the Titan Shares and Titan's ownership of such securities.

33. Pursuant to 28 U.S.C. §2201, Plaintiff is entitled to a declaration that Defendant is liable to him for such penalities, interest, costs, professional fees, and

damages as it has incurred to rescind the sale of the Titan Shares. There exists an actual, justiciable controversy between the parties and Defendant has denied such liability.

34. Pursuant to 28 U.S.C. §2201, Plaintiff is entitled to a declaration that the sale and issuance of the Titan Securities are void and that the share certificates evidencing that issuance are also void.

## Prayer for Relief

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

**As to the First and Second Causes of Action**:

1. For rescission of all contracts, sales of securities, plus compensatory damages proximately caused by the wrongful actions of Defendant;

**As to the Third Cause of Action:**

2. For a declaration, pursuant to 28 U.S.C. §2201, that the issuance of the Titan Shares, and the certificates evidencing those securities, were procured by fraud and are therefore void, and that Defendant is liable to Plaintiff for all costs, professional fees, expenses, and damages arising out of that fraud.

**As to all Causes of Action**:

3. For attorneys' fees as permitted by law;

4. For costs of the suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

Dated: May 11, 2016                    Respectfully submitted,

                                       /s/ *Matthew D. Fischer*
                                       MATTHEW D. FISCHER
                                       Attorney for Plaintiff,
                                       NOVAGANT, CORP.